# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Edgar Francis Bradley,
    Petitioner,

vs.

                              Case No. 1:06cv246
                              (Dlott, J.; Hogan, M.J.)

James Wallrad, United States Marshal,
    Respondent.

## ORDER

Petitioner, who apparently is currently on supervised release stemming from his 1999 criminal conviction for conspiracy to defraud the United States and willful failure to file tax returns in the case entitled *United States of America v. Edgar Francis Bradley, et al.*, Case No. 1:98-cr-46 (Weber, J.),[1] has submitted a *pro se* petition for writ of habeas corpus with this Court for filing.

In the petition, petitioner challenges the "restrain[t] of his liberty" by United States Marshal James Wallrad "at 100 East Fifth Street, Cincinnati, Ohio 45202-3980." Although the petition is difficult to decipher, it appears petitioner is challenging his continued federal supervision on the ground that his "account has been settled" with the United States. Specifically, he alleges that on July 9, 2005, he "discharged . . . through the clerk of court, as agent for USA," the $3,502,343.03 and $1,046,470.90 which the United States had claimed was the estimated "value of the loss" to it; he further contends that the parties are in agreement that the accounts are now settled in the absence of any evidence

---

[1]On June 1, 1999, petitioner was sentenced in the underlying criminal case to "custody for a period of 60 months" as to one count and 12 months on three other counts "to run concurrently," followed by three (3) years of supervised release. (Case No. 1:98-cr-46, Doc. 303). Although petitioner is no longer incarcerated, it appears that he remains under federal supervision for at least another year while serving his three-year "supervised release" sentence.

Dockets.Justia.com

"establishing that [the] discharge instrument[s] . . . [were] refused or dishonored in any way by the drawee . . ., or that [they were] insufficient in amount form, or substance to discharge the debt that may have been owed to USA."

These same allegations were presented by petitioner in support of his prior petition for writ of habeas corpus filed with this Court in the case entitled *Edgar Francis Bradley v. Thomas Barbeau,* Case No. 1:05cv744 (Dlott, J.; Black, M.J.). In that case, the petition, which was construed as being brought pursuant to 28 U.S.C. § 2241, was *sua sponte* dismissed by the undersigned on April 10, 2006 "without prejudice to refiling with the United States Court of Appeals for the Sixth Circuit as a recharacterized, successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255." (Case No. 1:05cv744 (Docs. 6, 7)).

Petitioner has not cited the specific statutory provision that he is relying on to obtain federal habeas corpus review of the instant petition. However, to the extent he seeks collateral review of his conviction and sentence under 28 U.S.C. § 2255 without payment of a filing fee, he must first obtain authorization from the Sixth Circuit before the district court may consider the successive § 2255 motion. *Cf. In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Moreover, to the extent petitioner seeks relief under the general habeas corpus provision set forth in 28 U.S.C. § 2241, he is required to pay a $5.00 filing fee; in any event, for the reasons given by the magistrate judge in recommending the dismissal of petitioner's prior § 2241 petition, the Court lacks jurisdiction to grant petitioner habeas relief pursuant to § 2241. (*See* Case No. 1:05cv744 (Doc. 5, pp. 2-6)).

This is the second time that petitioner has sought habeas relief from this Court based on the same allegations. Petitioner is hereby NOTIFIED that if he continues to submit complaints raising claims identical or similar to those that have already been adjudicated, he may be subject to sanction under Fed. R. Civ. P. 11.[2]

---

[2]Pursuant to Fed. R. Civ. R. 11(a), a *pro se* litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. The signature constitutes a certificate by the litigant that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading, motion, or paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1), (2). The

Accordingly, in sum, it is hereby **ORDERED** that the instant petition for habeas corpus relief submitted for filing with this Court on April 7, 2006 is *sua sponte* **DISMISSED**, with notice to petitioner that he may be subject to sanction under Fed. R. Civ. P. 11 if he continues to submit complaints or other pleadings with this Court raising claims identical or similar to those that have already been adjudicated in the underlying federal criminal proceeding and subsequent collateral review motions or petitions brought by petitioner pursuant to 28 U.S.C. §§ 2241 and 2255.

## IT IS THEREFORE ORDERED THAT:

1.  Petitioner's petition for writ of habeas corpus submitted pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2255 be *sua sponte* DISMISSED, with notice to petitioner that he may be subject to sanction under Fed. R. Civ. P. 11 if he continues to submit abusive, groundless and vexatious pleadings for filing with this Court.

2.  A certificate of appealability should not issue, because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

Court may impose appropriate sanctions against a *pro se* litigant for his violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219 (table), No. 92-3842, 1995 WL 89003, at * 2 (6th Cir. Mar. 2, 1995) (unpublished) (Rule 11 does not provide a different standard for attorneys and non-attorneys); *see also Doyle v. United States*, 817 F.2d 1235 (5th Cir.), *cert. denied*, 484 U.S. 854 (1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and therefore DENY petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _____                              _s/Susan J. Dlott_____

     cbc                                                  Susan J. Dlott, Judge
                                                     United States District Court

C:\Documents and Settings\langsm\Local Settings\Temp\notes721D2D\scr-bradley.dism2241pet.wpd